UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM VAN GORDEN,
                              Petitioner,
            vs.                                                    9:03-CV-1350
                                                                   (C.J. Mordue)
SUPERINTENDENT,
                              Respondent..
_____

APPEARANCES:

WILLIAM VAN GORDEN
00-B-0299
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, New York  14411
Petitioner, *Pro Se*

ROBIN A. FORSHAW, Asst. Solicitor General
Attorney for Respondent
120 Broadway
New York, New York 10271-0332

**NORMAN A. MORDUE, Chief U.S. District Judge**

**MEMORANDUM-DECISION and ORDER**

        Petitioner brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging a judgment of conviction, rendered in the Oneida County Court on January 13, 2000,

convicting him of Sexual Abuse, First Degree and Endangering the Welfare of a child.  Petitioner

was sentenced as a second felony offender to a term of seven years imprisonment, with a five year

term of post-release supervision on the Sexual Abuse charge and a concurrent term of one year

imprisonment for the Endangering charge.  The Appellate Division, Fourth Department affirmed

petitioner's conviction on March 21, 2003, and the New York Court of Appeals denied leave to

appeal on October 8, 2003. *People v. Van Gorden*, 303 A.D.2d 1060, 755 N.Y.S.2d 689 (4th

Dep't), *lv. denied*, 100 N.Y.2d 646, 769 N.Y.S. 2d 212, 801 N.E.2d 433 (2003).

        Although the petition lists three grounds upon which he bases this application,  it appears

that petitioner is actually making four different arguments.  The three claims that petitioner lists are as follows:

> 1.     Petitioner was denied the effective assistance of appellate counsel.

> 2.     The conviction was obtained by use of evidence acquired pursuant to an unlawful arrest.

> 3.     Petitioner's sentence is illegal.

Although the second ground of the petition states that petitioner's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest, the  "supporting" facts listed under "Ground two" of the petition shows that petitioner also alleges that "[e]vidence was withheld during trial that would have caused another outcome with regard[] to the conviction that was rendered." Petition at p.5(B)(Dkt. No. 1).  The "supporting facts" of "Ground two" appear to raise a claim that favorable evidence was withheld from petitioner that would have changed the outcome of the trial.  This type of claim is generally brought under *Brady v. Maryland*, 373 U.S. 83 (1963).

Because the petitioner is pro se, the court considers all possible grounds for relief that petitioner could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)(pro se papers are interpreted liberally to raise the strongest arguments suggested therein); *Stewart v. Ercole*, 06-CV-1574, 2007 U.S. Dist. LEXIS 10282, *11 n.2 (E.D.N.Y. Feb. 15, 2007)(citing *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  In so doing, however, the court will not prejudice the petitioner by interpreting the petition as raising a claim that would, in itself, require dismissal of the petition on procedural grounds.

Respondent has filed a "declaration" in opposition to the petition and a memorandum of

law, together with the pertinent state court records.[1] (Dkt. Nos. 8, 9).  Magistrate Judge Di Bianco

granted respondent's motion to seal these documents in order to protect the privacy of the victim.

(Dkt. No. 9). Respondent argues for denial of the petition,[2] claiming that petitioner's first two

grounds for relief are unexhausted, and petitioner's third ground does not raise a federal

constitutional question.  Respondent also argues that petitioner's first ground, although

unexhausted, should be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2), and petitioner's

second ground, although unexhausted, is also procedurally barred and not congnizable in a federal

habeas corpus application.  For the following reasons, this court agrees with the respondent and

will deny and dismiss the petition.

**DISCUSSION**

**1.      Facts and Procedural History**

Because petitioner's case involved sexual abuse and endangerment of a small child, this

court will only review the facts generally and as relevant to this decision.  Petitioner's conviction

resulted from the sexual assault of his girlfriend's five-year old daughter.  In February 1999,

petitioner was charged by an Oneida County grand jury with Sexual Abuse, First Degree[3] and

Endangering the Welfare of a Child.[4]  In August of 1999, petitioner was charged with two counts

of Rape, First Degree[5] and one count each of Sexual Abuse, First Degree, and Endangering the

Welfare of a Child for other incidents that had occurred at other times.  The indictments were

---

[1] The state court records are listed on page 2 of respondent's "Declaration." (Dkt. No. 8).

[2] Respondent addressed only the three claims actually listed as "grounds" of the petition.

[3] N.Y. PENAL LAW § 130.65(3).

[4] N.Y. PENAL LAW § 260.10(1).

[5] N.Y. PENAL LAW § 130.35.

consolidated, and petitioner was tried in Oneida County Court by a jury, before the Honorable

Barry M. Donalty.

Petitioner was convicted only of Sexual Abuse, First Degree and Endangering the Welfare

of a child in connection with a January 14, 1999 incident.  He was acquitted of all other charges.

Petitioner was sentenced on January 13, 2000.  At the sentencing, the judge adjudicated petitioner

a second felony offender because he had previously been convicted of rape. Sentencing Transcript

(ST) at 2-3.  Petitioner did not contest that finding, nor did he contest the constitutionality of the

prior conviction, when given the opportunity to do so by Judge Donalty. (ST at 3).  The judge

then sentenced petitioner to a determinate sentence of seven years incarceration on the Sexual

Abuse charge, with five years of post-release supervision. (ST at 14-15).  The petitioner was also

sentenced to one year of imprisonment on the Endangerment charge, to be served concurrent with

the seven year term. (ST at 15).

Petitioner filed an appeal with the Appellate Division, Fourth Department.  Appellate

counsel raised only the claim that petitioner's sentence of seven years with five years post-release

supervision was unduly harsh and excessive and should be modified in the interests of justice.

Respondent's Ex. A (Petitioner's Appellate Brief).  The prosecutor filed a brief in opposition,

responding to petitioner's sole claim.  The Appellate Division, Fourth Department affirmed

without opinion on March 21, 2003.  *People v. Van Gorden*, 303 A.D.2d 1060, 755 N.Y.S.2d 689

(4th Dep't 2003)(Respondent's Ex. C).  On August 18, 2003, petitioner's new counsel filed a

request for leave to appeal to the New York Court of Appeals, stating that although the Court of

Appeals did not have jurisdiction to review the petitioner's sentence as unduly harsh, the Court of

Appeals should instead review the constitutionality of petitioner's sentence. Respondent's Ex. D.

The New York Court of Appeals denied leave to appeal.  *People v. Van Gorden*, 100 N.Y.2d 646,

769 N.Y.S. 2d 212, 801 N.E.2d 433 (2003).  Petitioner does not allege that there were any further

state court proceedings.

**2.     Exhaustion and Procedural Default**

Prior to seeking relief in federal court, it is well-settled that a habeas petitioner must

exhaust available state remedies or show that there is either an absence of available state remedies

or that the remedies are ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1); *Ellman*

*v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994), *cert. denied*, 515 U.S. 1118  (1995).  Additionally, the

petitioner's claims must be fairly presented so that the state court has the opportunity to decide

any *federal* constitutional issues. *Id.*

The petitioner must have presented the substance of his federal claims to the highest

available court of the state. *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), *cert. denied*, 514

U.S. 1054 (1995)(citation omitted).  The petitioner must assert the same legal theory, premising it

on essentially the same body of facts. *Matthews v. Keane*, 94 Civ. 2815,1995 U.S. Dist. LEXIS

11120 *26 (S.D.N.Y. Jan. 13, 1995)(citations omitted).  Finally, the petitioner must have utilized

the *proper procedural vehicle* so that the state court may pass on the merits of petitioner's claims.

*Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

After the court determines whether a claim is unexhausted, the court must also determine

whether petitioner has any "available procedures" to raise the issue in state court.  If petitioner

has not exhausted his state court remedies, but no longer has remedies available in state court

with regard to these claims they are "deemed" exhausted but are also procedurally defaulted. *St.*

*Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004); *Grey v. Hoke*, 933 F.2d 117, 120-121 (2d

Cir. 1991)), *cert. denied*, 514 U.S. 1054 (1995).

A state prisoner who has procedurally defaulted on a federal claim in state court is entitled

to federal habeas review of that claim only if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), or establish that failure of the court to consider the claim will result in a miscarriage of justice. *Id.* at 748.  A miscarriage of justice will have occurred if the constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this case, it is clear that the ***only claim*** that petitioner brought in state court was the claim that his sentence was either harsh and excessive or "unconstitutional."  Petitioner did ***not*** bring a claim of ineffective assistance of appellate counsel.  Petitioner also failed to raise any issue that he was convicted utilizing evidence obtained through an unlawful arrest or that there was evidence withheld from him at trial that would have changed the outcome of the trial.  In this application, petitioner claims that he raised ineffective assistance of counsel on appeal to the Fourth Department and to the Court of Appeals. Petition at p.3.  He states that he raised an ineffective assistance of ***trial*** counsel in the Appellate Division. *Id.*  Petitioner then states that he raised "effective assistance of counselor [sic]" in the New York Court of Appeals, without specifying to which counsel he was referring. Petition at p.3. It is clear, however, from the actual state court documents that ***no such claims were raised***, either in the Appellate Division or in the Court of Appeals. Respondent's Exs. B & D.

In his application, petitioner states that he is attempting to raise ineffective assistance of ***appellate*** counsel.[6]  The only proper way to raise the claim that his state court appellate counsel

---

[6] The court must assume that petitioner is referring to the attorney who represented him in the Appellate Division because the Due Process Clause of the Fourteenth Amendment only guarantees effective assistance of appellate counsel on a defendant's first appeal as of right. *See Evitts v. Lucey*, 469 U.S. 378, 396 (1985).  In New York, a defendant's first appeal as of right is in the Appellate Division.  An appeal to the New York Court of Appeals is discretionary.  Thus,

was ineffective would have been to file a petition for writ of error coram nobis in the Appellate Division, Fourth Department. *See People v. Bachert*, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987). The court also notes that after 2002, a defendant would also have had the opportunity to request leave to appeal to the New York Court of Appeals from any Appellate Division orders granting or denying coram nobis relief based on ineffective assistance or denial of appellate counsel. *See People v. Stultz*, 2 N.Y.3d 277, 281, 778 N.Y.S.2d 431, 433, 810 N.E.2d 883, 885 (2004)(citing 2002 amendments to N.Y. CRIM. PROC. LAW § 450.90 (L. 2002, ch.498)). Petitioner has not alleged that he filed an application for writ of error coram nobis in state court. Because this application may be made at any time,[7] petitioner would still have an "available" state remedy for this claim. Thus, any claim of ineffective assistance of appellate counsel is unexhausted.

Petitioner also did not raise his evidentiary claims in any state court. First, petitioner states that his conviction was obtained through the use of evidence obtained through an "unlawful arrest." Petition at p.5. Although it is unclear to what he could be referring since petitioner never challenged his arrest in state court,[8] it is unnecessary to determine whether this Fourth Amendment claim is exhausted or whether it is procedurally defaulted because the claim would be barred from habeas review by *Stone v. Powell*, 428 U.S. 465 (1976) in any event. In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation

_____

petitioner in this case may only raise effective assistance of appellate counsel as it relates to his Appellate Division attorney. *See Ross v. Moffit*, 417 U.S. 600 (1974); *Taveras v. Smith*, 463 F.3d 141, 147 (2d Cir. 2006)(discussing *Ross* and outlining exceptions, not applicable to this petitioner).

[7] *See Cowan v. Artuz*, 96 F. Supp. 2d 298, 304 (S.D.N.Y. 2000)(citation omitted).

[8] As discussed below, petitioner did have a suppression hearing regarding two of his statements, however, the argument at the suppression hearing was that the statements were taken in violation of petitioner's Sixth Amendment right to counsel, not that his arrest was unlawful.

of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted

federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search

or seizure was introduced at his trial." *Id*. at 481-82; *see also Capellan v. Riley*, 975 F.2d 67, 70

(2d Cir. 1992).

The Second Circuit has determined this to mean that review of a Fourth Amendment claim

on habeas review is proper only if: (1) the state has provided no corrective procedures at all to

redress the alleged fourth amendment violations; or (2) the state has provided a corrective

mechanism, but the defendant was precluded from using that mechanism because of an

unconscionable breakdown in that process. *See Capellan*, 975 F.2d at 70; *Gates v. Henderson*,

568 F.2d 830, 839-40 (2d Cir. 1977) (en banc), *cert. denied*, 434 U.S. 1038 (1978).

New York provides an approved mechanism for litigating Fourth Amendment claims. *See*

*Capellan*, 975 F.2d at 70. There is no indication that petitioner was prevented in any way from

using this process because of an "unconscionable breakdown." In fact, petitioner was afforded a

suppression hearing that was, in part, successful regarding his Sixth Amendment claim.

Therefore, insofar as petitioner's second claim raises a Fourth Amendment issue, it may be

dismissed based upon *Stone v. Powell*.

As stated above, petitioner also states in his second ground for relief, that evidence was

withheld during trial that would have caused "another outcome." Petition at p.5. Clearly, this

sentence has nothing to do with the first sentence of ground two that refers to an unconstitutional

arrest. It is almost impossible to determine to what evidence petitioner is referring. The court can

assume that petitioner means that the prosecutor withheld exculpatory evidence,[9] but again,

_____

[9] A prosecutor has the duty under *Brady v. Maryland*, 373 U.S. 89 (1963) to produce
evidence favorable to the defense. To prevail on a *Brady* claim, petitioner must show that the
prosecution suppressed evidence favorable to him and that the evidence was material either to

without any specific facts, the court is unable to even speculate on the basis of petitioner's attempt at a claim.

The court cannot even determine whether the claim would be unexhausted or whether the claim would be "deemed" exhausted and procedurally defaulted because there is no indication when petitioner discovered this allegedly withheld evidence.  If petitioner had discovered the evidence in time to include the claim on direct appeal, but did not do so, then although the claim would be unexhausted, petitioner would not be able to return state court to raise the claim in a motion to vacate his conviction pursuant to N.Y. CRIM. PROC. LAW § 440.10 in the trial court. This section of the Criminal Procedure Law provides that the court must deny a claim if the defendant unjustifiably failed to raise the claim on appeal. *Id.* § 440.10(c).  Such a holding would render petitioner's claim exhausted, but procedurally defaulted.  If the claim were procedurally defaulted, there would be no cause for the default, and thus, the claim would have to be dismissed.

If petitioner had discovered this allegedly exculpatory evidence after the time for direct appeal had passed, petitioner could still raise the claim in a section 440.10 motion to vacate. N.Y. CRIM. PROC. LAW § 440.10.  If petitioner still had an "available" state court remedy, the *Brady* claim would be unexhausted.  The court will also consider that the *Brady* claim may be unexhausted, but not procedurally defaulted, and therefore, there are two unexhausted claims, the ineffective assistance of appellate counsel claim and a possible *Brady* claim.

---

guilt or punishment. *Brady*, 373 U.S. at 87.  "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995)(quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)), *cert. denied*, 516 U.S. 1165 (1996). Disclosure of impeachment evidence is also required under *Brady*.  *United States v. Bagley*, 473 U.S. 667 (1985).

The court must now determine how to resolve these unexhausted claims.  When a court is confronted with a mixed petition, containing both exhausted and unexhausted claims, the court may offer the petitioner the option of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to allege only unexhausted claims. *Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2002).  In certain circumstances, the court may stay the action while petitioner returns to state court to exhaust his claims, and after petitioner has exhausted his state court remedies, the federal court will lift the stay and allow the petition to proceed. *Rhines v. Weber*, 544 U.S. 269 (2005).  Finally, the habeas corpus statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, allows a court to ***deny*** an unexhausted claim on the merits rather than allowing the petitioner to return to state court to exhaust. 28 U.S.C. § 2254(b)(2).

If the court chooses to deny the unexhausted claim on the merits, the court must then determine the appropriate standard under which dismissal of the claim will be considered.  The Second Circuit has not yet articulated the appropriate standard in a published opinion, however, those district courts that have considered the question have utilized different standards. *See Wheeler v. Phillips*, 05-CV-4399, 2006 U.S. Dist. LEXIS 61397, *14 (E.D.N.Y. Aug. 15. 2006)(citing cases).  Many of the courts review the unexhausted claim to determine whether it is "patently frivolous." *Id.* (citing *inter alia McFAdden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Naranjo v. Filion*, 02 Civ. 5449, 2003 U.S. Dist. LEXIS 6287, *30 (S.D.N.Y. April 16, 2003)(citing cases)).  Some courts will dismiss an unexhausted claim if it is "perfectly clear that the petitioner does not raise even a colorable federal claim." *See Russell v. Ricks*, 02-CV-940, 2006 U.S. Dist. LEXIS 39772, * 48 (N.D.N.Y. May 31, 2006) (citing cases).

Courts have also articulated a "nonmeritorious" standard for dismissing unexhausted

claims under section 2254(b). *See Basnight v. Keane*, 99-CV-5907, 2001 U.S. Dist. LEXIS 11555, *14-15 & n.1 (E.D.N.Y. July 31, 2001)(citing *Duncan v. Walker*, 531 U.S. 167, 183 (2001)(Stevens, J., concurring in part and concurring in the judgment)(". . . AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims").  Justice Stevens's comment in his concurring opinion in *Duncan* was not an analysis, choosing between standards for dismissal, but simply a comment that the AEDPA gave courts the option of dismissing "nonmeritorious" claims without requiring exhaustion and a citation to section 2254(b). *Duncan*, *supra*.  Pre-AEDPA law also allowed the court to deny "nonmeritorious" claims, notwithstanding the failure to exhaust. *See Granberry v. Greer*, 481 U.S. 129, 135 n.7 (1987).

In this case, the court has considered the various options available and finds that allowing petitioner to return to state court would be inefficient and unnecessary because the unexhausted claims may be dismissed under section 2254(b)(2) under any of the above standards.

**A.  Ineffective Assistance of Appellate Counsel**

The Due Process clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Claims of ineffective assistance of appellate counsel are analyzed under standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984).   Petitioner must show that counsel's representation 'fell below an objective standard of reasonableness' judged by 'prevailing professional norms.'  *Id.  See also Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998). Petitioner must then show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Strickland,* 466 U.S. at 694.  In applying this test, a reviewing court must be "highly deferential" and presume

11

that counsel's conduct falls within the range of reasonable performance. *Strickland*, 466 U.S. at 689.  Tactical decisions made after thorough investigation are "virtually unchallengeable." *Id.* at 690.

The law is clear that when preparing an appeal, an attorney is not required to raise every non-frivolous argument even if asked to do so by his or her client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  In *Jones*, the Court stated that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id*. at 751-52.

In this case, petitioner's appellate counsel raised one issue.  Counsel argued for reduction of petitioner's sentence in the interests of justice and also claimed that the sentence was unconstitutional.  At the Court of Appeals level, counsel argued that the court should review the sentence as "unconstitutional."  Petitioner in this case alleges that his attorney failed to include "all factors" that supported petitioner's appeal and failed to argue "issues of questionable evidence." Petition at p.5.  Petitioner also claims that he informed his attorney of these issues and also informed her that he wished to file a supplemental brief. *Id.*  Petitioner does not cite any specific "factors" nor does he cite any specific "questionable" evidence to which he could be referring, nor does he state how these alleged arguments would have changed the outcome of his appeal.

Petitioner has not based his claim on any specific facts, and a review of counsel's brief to the Appellate Division shows that she argued extensively that petitioner's sentence should be reduced in the interests of justice.  Petitioner does not indicate what other claims counsel should have pursued.  In the petition, petitioner refers to "questions of law" and "issues of questionable evidence."  Petition at p.5.  This court cannot determine to what "questions of law" petitioner

12

refers.

As to issues of "questionable evidence," the court can only speculate as to the meaning of petitioner's claim. To the extent that petitioner is attempting to state that appellate counsel was ineffective because she failed to challenge the admission of his oral statement, petitioner could only succeed if the Fourth Amendment claim were meritorious, and there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir. 2006)(citation omitted).

Petitioner had a *Huntley*[10] hearing prior to trial. In his *Huntley* hearing, he challenged the admissibility of a written statement and an oral statement that he gave to the police.[11]   The written statement was suppressed, but the oral statement was ruled admissible. Respondent's Ex. A (petitioner's appellate brief) at ¶ 11. Appellate counsel stated that the written statement was suppressed because the statement was made while petitioner was in custody, and his right to counsel had attached, but the oral statement was ruled admissible because it was made spontaneously by petitioner. *Id.*

The Deputy Sheriff who arrested petitioner and who heard the oral statement testified at trial. Trial Transcript (T) at 322, 330). The deputy stated that he was waiting for petitioner to wash his hands after fingerprints were taken. (T. 330). After petitioner finished washing, and

---

[10] *People v. Huntley*, 15 N.Y.2d 72, 78, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).  A *Huntley* hearing challenges the admissibility of a defendant's statement.

[11] Although the transcripts of this hearing have not been submitted with this habeas proceeding, the court is aware of the hearing and its results through the factual statement appellate counsel's brief. Respondent's Ex. A at ¶¶ 9, 11, 14-15. Petitioner's counsel actually asked for two *Huntley* hearings.  The second hearing was requested after the second indictment was consolidated with the first indictment. Respondent's Ex. A at ¶¶ 14-15.  The second hearing was denied because the issues had already been decided in conjunction with the first indictment. *Id.* ¶ 15. As stated above, appellate counsel raised only sentencing issues, but included a thorough statement of the facts of the case.

approached the deputy, petitioner made a spontaneous statement that related to why petitioner believed it would have been impossible for him to have intercourse with the child. (T. 330).  It was clear from the testimony, that no questions preceded petitioner's statement and none followed. (T. 330, 334).

Even though New York State law has extended the right to counsel beyond that required by the Fifth and Sixth Amendments of the United States Constitution,[12] if a criminal defendant proceeds to make incriminating, or any other kind of statement, without questioning or prompting by law enforcement officers, then his Sixth Amendment rights are not violated even if they have attached under either New York law or the federal constitution. *See Folger v. Conway*, 443 F. Supp. 2d 438, 444-45 (W.D.N.Y. 2006)(citing *United States v. Edwards*, 342 F.3d 168, 182 (2d Cir. 2003)).

Because it is clear from the testimony at trial that petitioner's statement to the deputy was completely spontaneous, there was no reason for appellate counsel to challenge the denial of the suppression of that statement, and therefore, appellate counsel could not have been ineffective in failing to raise any such claim.

In the petition, petitioner does not specify what other evidence he believes is "questionable."   The court is aware that there was DNA evidence admitted in this action that was not favorable to petitioner, but petitioner does not state how the results of any of the forensic tests may have been questionable.  This court has merely speculated as to the possible claims that petitioner could be attempting to make, but has not been able to spot any possible claims that appellate counsel could have raised.  Thus, petitioner cannot show either that counsel's performance fell below an objective standard of reasonableness, nor can he show that the outcome

---

[12] *See People v. Arthur*, 22 N.Y.2d 325, 292 N.Y.S.2d 663, 239 N.E.2d 537 (1968).

of the appeal would have been different.  Petitioner's ineffective assistance of appellate counsel claim must be dismissed.

> **B.  *Brady* Claim**

As stated above, part of petitioner's second ground for relief could be attempting to raise a *Brady* claim.  To the extent that this claim is unexhausted, it may be dismissed under either standard, however, the court finds that it is "patently frivolous."  There are no facts to support the claim.  Petitioner states that evidence was withheld, but does not state what that evidence was, who withheld it, when he found out about the alleged evidence, or how it would have changed the outcome.  Thus, to the extent that the petition can be interpreted as raising a *Brady* claim, it may be dismissed.

## 3.  <u>Harsh and Excessive Sentence</u>

Petitioner alleges that his sentence was "illegal."  Petition at p.6.  Petitioner claims that he was given the maximum term for his conviction and was improperly given a five year term of post-release supervision.  Petitioner claims that the five years was "beyond 7 year max for a D felony." *Id.*  Petitioner's counsel argued to the Appellate Division that the sentence was harsh and excessive, and although "legal," should be reduced in the "interests of justice." Respondent's Ex. A (Petitioner's Appellate Brief) at p.19.  Petitioner's counsel also claimed that the sentence rose to the level of "cruel and unusual" punishment in violation of both the federal and New York State Constitutions. Respondent's Ex. A at 20.  Petitioner's counsel focused only on the seven year sentence of incarceration, but did not specifically argue that the five year post-release supervision was improper in any way.   The argument focused on the court's discretion and the facts of the case and did not specify why the sentence would have been unconstitutional.  The Appellate Division affirmed without opinion. Respondent's Ex. C.

In his application for leave to appeal to the New York Court of Appeals, petitioner was

15

represented by different counsel.[13]  In her application, counsel noted the trial judge's comments regarding why he was sentencing petitioner to the maximum authorized sentence, and noted that although the New York Court of Appeals did not have jurisdiction to consider whether the sentence should be reduced in the interests of justice, the court should review the constitutionality of the sentence.  Counsel never specifically mentioned the period of post-release supervision. The New York Court of Appeals denied leave to appeal.

First, the court will assume since petitioner raised a constitutional claim in both the Appellate Division and the New York Court of Appeals that he exhausted his state court remedies with respect to an excessive sentence claim.[14]  Thus, the court may proceed to a consideration of petitioner's sentencing claim on the merits.

The standard of review in a habeas action depends upon whether the **state court**

---

[13] Petitioner's original appellate attorney was no longer working for the Public Defender's Office and therefore did not represent petitioner in his application to the New York Court of Appeals. Respondent's Ex. D at p.1.

[14] It is arguable that since petitioner's counsel never raised the length of petitioner's post-release supervision as an issue, that the claim could be unexhausted.  In his habeas application, petitioner is raising a slightly different sentencing claim than he raised in state court.  In state court, petitioner focused on the sentence of incarceration as being excessive, while in this court, petitioner claims that the sentence was excessive because a seven year sentence plus a five year term of post-release supervision is *more than* the maximum seven year sentence for a second felony offender committing the Class D violent felony of which he was convicted.  A claim may be fairly presented to the state court if the "legal basis" of the claim in state court was the "substantial equivalent" of the habeas claim. *Daye v. Attorney General*, 696 F.2d 186, 192 (2d Cir. 1982).  Petitioner also must have informed the state court of the "factual basis" for his claims. *Id.* at 191.  The nature or presentation of the claim must have been likely to alert the state court to its federal nature. *Id.*  If "material" factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim. *Id.* at 192.

In this case, the court finds that by raising both the claim that the petitioner's sentence should be reduced both in the interests of justice and as in violation of both the federal and state constitutions, the New York courts would have been alerted to the federal nature of the claim and in denying the claim, would have looked at whether petitioner's sentence was within the statutory range, regardless of which part of the sentence petitioner was challenging.  Thus, this court finds that petitioner's sentencing claim has been exhausted.

considered petitioner's constitutional claims "on the merits."  The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA) provides that a federal court lacks the power to grant a writ

of habeas corpus under 28 U.S.C. § 2254 unless the state court ruling *on the merits* of a federal

constitutional issue was either "'contrary to ... clearly established Federal law' or 'involved an

unreasonable application ... of clearly established Federal law.'" *Noble v. Kelly*, 246 F.3d 93, 98

(2d Cir.)(quoting 28 U.S.C. § 2254(d)(1))(alterations in original), *cert. denied*, 534 U.S. 886

(2001).  The statute further provides that the court may grant a writ of habeas corpus when a

claim that was considered on the merits by the state court "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2).

In order to apply the AEDPA standard, the federal court must determine whether the state

court decision was "on the merits". 28 U.S.C. § 2254(d)(1).  Additionally, the AEDPA provides

that a state court's fact findings are presumed correct, unless that presumption is rebutted by clear

and convincing evidence. *Id.* § 2254(e)(1).  If the State court has failed to adjudicate a claim "on

the merits", the pre-AEDPA standard of review applies, and the court reviews both questions of

law and mixed questions of law and fact *de novo. Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir.

2001).

A state court's decision is contrary to federal law if it arrives at a conclusion opposite to

that reached by the Supreme Court on a question of law or if the state court decides a case

differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v.

Taylor*, 529 U.S. at 413.  A state court unreasonably applies clearly established federal law when

the correct principle is identified, but the state court unreasonably applies that principle to the

facts of the petitioner's case. *Id.*

In this case, the Appellate Division affirmed without opinion and the Court of Appeals

denied leave to appeal.  Petitioner raised a constitutional claim in the papers, and the prosecutor argued the issue on the merits.  It is clear that the state court denied petitioner's claim "on the merits."  Thus, the court will apply AEDPA deference in deciding this issue.

The Eighth Amendment prohibits punishment that is grossly disproportionate to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).  A excessive sentence claim, however, does not present a constitutional issue when the sentence is within the range prescribed by law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).  *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(errors of state law are not grounds for habeas relief)(citation omitted)).  A claim that a sentence is excessive, however, is cognizable on federal habeas review if that sentence is outside the range prescribed by state statutory law. *Townsend v. Burke*, 334 U.S. 736 741 (1948); *White v. Keane*, 969 F.2d at 1383 (2d Cir. 1992)(citation omitted).

The sentencing process itself must satisfy the requirements of the due process clause. *Gardner v. Florida*, 430 U.S. 349, 358 (1977).  A state sentencing decision is also cognizable on federal habeas review if a legal error "resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Haynes*, 825 F.2d at 924 (citing *inter alia Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980)).

Petitioner in this case was convicted as a second felony offender of First Degree Sexual Abuse, a Class D, violent felony under N.Y. PENAL LAW § 130.65.  Because petitioner was a second felony offender, the statute under which petitioner was sentenced was N.Y. PENAL LAW § 70.06(6)(c).  The statute provides that the sentence of incarceration for such an offense is at least three years, but not more than seven years. *Id.*  Petitioner was sentenced to the maximum under the statute of seven years incarceration.

In 1998, the New York Penal Law was amended to provide that individuals who committed felonies after September 1, 1998, and who were sentenced to a determinate sentence of

incarceration, would also receive a ***mandatory*** term of post-release supervision. N.Y. PENAL LAW § 70.45(1). *See Willett v. Berbary*, 456 F. Supp. 2d 404, 408 n.4 (W.D.N.Y. 2006). In this case, the sentencing judge ***specifically informed petitioner*** that he would receive five years of post-release supervision as part of his sentence. Sentencing Transcript (ST) at 14-15.

Petitioner complains that the five year term of post-release supervision added to the seven year term of incarceration made his sentence longer than seven years which is the maximum for his crime and therefore, not authorized by the statute. The statute is quite clear that the periods of post-release supervision are ***mandatory*** and are ***in addition to*** the determinate sentence of incarceration imposed.[15] Petitioner is clearly wrong in his claim, and the Appellate Division did not act contrary to well-established Supreme Court precedent in denying his appeal.

The court must point out that in a footnote, respondent states that petitioner's period of post-release supervision was incorrect. Respondent's Brief at p.19, n.11. Respondent states that the post-release supervision should have been three years instead of five, but then states that petitioner never raised this as a challenge to his sentence and that the proper mechanism to raise this claim would be to return to state court and file a section 440.20 motion to correct the sentence.

This court must comment on respondent's footnote because the court finds that respondent is ***incorrect*** in this assertion. The statute provides that the "period of post-release supervision for a determinate sentence shall be five years . . . ." N.Y. PENAL LAW § 70.45(2). This section then sets forth exceptions to the five year term. *Id.* One of these exceptions provides that "such period shall be not less than one and one-half years nor more than three years whenever a determinate sentence of imprisonment is imposed pursuant to ***subdivision three of section 70.02*** of this article

---

[15] "Each determinate sentence also includes, as a part thereof, ***an additional period*** of post-release supervision." N.Y. PENAL LAW § 70.45(1)(emphasis added).

upon a conviction of a class D or class E violent felony offense." *Id.* § 70.45(2)(e).  Respondent's

counsel cites this section in her footnote.  However, counsel omits the section of this sentence

referring to the statute under which the defendant must be sentenced in order to come under this

exception.

Respondent then states that because petitioner was convicted of a Class D violent felony,

he should only have been sentenced to a maximum of ***three*** years of post-release supervision,

rather than the ***five*** years that was imposed by the court.  However, a review of the respondent's

own memorandum of law shows that petitioner was ***not*** sentenced under subdivision three of

section 70.02. Respondent's Brief at p.18.  Section 70.02 provides the sentences for "a violent

felony offense," and does provide the term of incarceration for an individual who commits a Class

D violent felony offense. N.Y. Penal Law § 70.02(3)(c).

Although this petitioner was convicted of a Class D violent felony offense, he was

sentenced as a ***second felony offender***, ***not*** under section ***70.02(3)***, but rather under section

***70.06(6)(c)***[16], providing the sentence for a second felony offender who commits a Class D violent

felony.  Since petitioner was not sentenced under 70.02(3), he does ***not fall into the exception***

providing for a three year rather than a five year period of post-release supervision.  Thus, the

trial court judge was ***correct*** in imposing the sentence, and therefore, petitioner's sentence was

***within the range prescribed by law***.  Any claim that the judge abused his discretion in sentencing

petitioner to the maximum seven year term is simply not a federal constitutional issue.[17]  Thus,

---

[16] Respondent's own brief cites this section on the previous page as the section under which petitioner was sentenced. Respondent's Brief at p.18.

[17] Petitioner's appellate counsel in both the Appellate Division and the application to the Court of Appeals had, *inter alia*, faulted the judge for stating that he thought that petitioner should have been convicted of the higher charge of rape and criticizing the legislature for failing to provide for a greater sentence in cases of sexual abuse. Respondent's Ex. A at 20-21; Respondent's Ex. D at p.2. *See* ST at 11-12.

the Appellate Division did not act contrary to or unreasonably apply Supreme Court precedent,

and  petitioner's sentencing claim may be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the petition be **DENIED and DISMISSED**

DATE: March 19, 2007

Norman A. Mordue
Chief United States District Court Judge